UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TABITHA ALBERTI,<br><br>*Plaintiff*,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br><br>*Defendant*. | Civil Action No. 24-cv-03219-JEB |

**REPLY IN SUPPORT OF DEFENDANT DISTRICT OF
COLUMBIA'S MOTION TO DISMISS THE AMENDED COMPLAINT**

**INTROUCTION**

Plaintiff's arguments in opposition to Defendant District of Columbia's (the District) motion are unavailing and not based in persuasive or controlling case law. *First*, Plaintiff's Title VII and DCHRA claims premised on discrete acts outside the statutory period are time-barred. *Second,* two of Plaintiff's Title VII claims are unexhausted. *Third*, Plaintiff does not state a Title VII or DCHRA retaliation claim because she does not demonstrate a causal connection between any protected activity and a materially adverse action. *Fourth*, Plaintiff fails to state a hostile work environment claim. *Fifth*, Plaintiff's disparate treatment claims fail. *Sixth*, Plaintiff does not state a DCWPA claim because there is no temporal proximity between any protected activity that falls within the statutory period and any prohibited personnel action alleged in the Amended Complaint. *Seventh*, Plaintiff's Title VII hostile work environment claims based on her gender and sexual orientation are untimely and unexhausted. *Lastly*, several counts in the Amended Complaint are duplicative and should thus be dismissed. Accordingly, the Court should grant the District's motion and dismiss the Amended Complaint with prejudice.

**ARGUMENT**

I. **All Title VII and DCHRA Claims Premised on Discrete Acts Outside the Statutory Period Are Time-Barred (Counts I-VIII, XI – XIII).**

Contrary to Plaintiff's argument in opposition, any claims based on discrete acts of discrimination or retaliation that are outside of the statutory period are not actionable. In *Koch v. White,* 134 F. Supp. 3d 158, 166 (D.D.C. 2015), cited by Plaintiff, the court heavily relied on *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), where the Supreme Court drew a distinction between "discrete acts" and "continuing violations" for the purpose of time-barred claims. The Court held that discrete acts are not actionable if otherwise time-barred, but for claims involving a hostile work environment, which by their "very nature involve[] repeated conduct," *Morgan*, 536 U.S. at 115, those claims would still be actionable so long as there is one act that is within the statute of limitations. *See Koch*, 134 F. Supp. 3d at 166 (quoting *Morgan*, 536 U.S. at 113) ("The Court held that 'discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges.'"). So, as *Morgan* makes clear, while a claim for a hostile work environment is actionable so long as one discrete act comprising the hostile work environment is timely, claims of discrimination and retaliation based on time-barred individual discrete acts are not viable. Therefore, to the extent that Plaintiff's opposition is attempting to use *Koch* to support the idea that discrimination and retaliation claims regarding time-barred discrete acts are actionable, the case explicitly contradicts this argument. *See Koch*, 134 F. Supp. 3d at 166 ("In *Morgan*, the Court rejected the 'continuing violations' doctrine in cases involving discrete acts of discrimination under Title VII.") (citing *Morgan*, 536 U.S. at 113). So in this case, any discrete acts before February 24, 2023, are not actionable under Title VII, and any discrete acts before November 14, 2023, are not actionable under the DCHRA.

II.  **Plaintiff's Title VII Claims Are Unexhausted (Counts III and VII).**

Plaintiff's December 21, 2023 EEOC charge contains a mere three paragraphs and does not include the vast allegations that are in the Amended Complaint. Specifically, Plaintiff's alleged claims of retaliation by Schefman in 2024 were obviously not included in her charge of discrimination because they had not occurred yet. For these claims to be actionable, Plaintiff would have had to file an EEOC charge specifying the alleged retaliation in 2024. Additionally, Plaintiff's allegations of Schefman's alleged retaliation against her when he was assigned to MPD's Second District in 2022, *see* Am. Compl. ¶¶ 93–97, are unexhausted because they were not exhausted within the 300-day time frame. Plaintiff's arguments to the contrary are unpersuasive. Because these counts were unexhausted, they should be dismissed.

III.  **Plaintiff's Title VII and DCHRA Retaliation Claims Fail (Counts VII, VIII, and XIV).**

Plaintiff cannot demonstrate a causal connection between any protected activity and a materially adverse action. Here, Plaintiff's only actionable alleged protected activity is her July 2023 EEO complaint. *See* Def.'s Mot. at 16. And the first adverse action she alleges was taken against her after she filed her EEO complaint occurred in January 2024. *See id.*; Am. Compl. ¶¶ 132–35. Plaintiff does allege that, "[o]n several occasions in 2023 and 2024, [she] was unfairly singled out for the most dangerous and demanding assignment," Am. Compl. ¶ 140, but Plaintiff does not indicate who "singled her out" or when in 2023 she was given this assignment, *see id.* ¶¶ 140–141. Although Plaintiff asserts in her opposition that she was denied accommodation in August 2023, Pl.' Opp'n at 15, the Amended Complaint makes no mention of any accommodations that were sought or denied, *see* Am. Compl. In fact, the word "accommodation" does not appear anywhere in the Amended Complaint. *See* Am. Compl.

Furthermore, Plaintiff's reliance on the "pattern of antagonism" theory to make up for the lack of temporal proximity between her protected activity and an adverse employment action is misguided. "[A]lthough the District of Columbia Circuit recognizes that a 'pattern of antagonism' can supplant temporal proximity, . . . *causation,* or at least a reasonable inference of causation must be demonstrated even when such a theory is advanced." *Manuel v. Potter*, 685 F. Supp. 2d 46, 69 (D.D.C. 2010) (citation modified). Plaintiff misapprehends the "pattern of antagonism" theory. *See* Pl.'s Opp'n at 15. Indeed, without citing to a single case, Plaintiff asserts that "courts in this District have repeatedly held that causation may still be inferred where protected activity is followed by a pattern of ongoing retaliatory conduct, even after a delay." *Id.* Not so. Rather, the D.C. Circuit has adopted the Third Circuit's holding in *Woodson v. Scott Paper Co.*, 109 F.3d 913 (3d Cir. 1997), that "a plaintiff can establish a link between his or her protected behavior and subsequent discharge if the employer engaged in a pattern of antagonism *in the intervening period*." *Woodson*, 109 F.3d at 920–21 (emphasis added); *see Taylor v. Solis*, 571 F.3d 1313, 1323 (D.C. Cir. 2009). Plaintiff cannot rely on a pattern of antagonism that started at a point in time that has no proximity to Plaintiff's protected activity. *Contra* Pl.'s Opp'n at 15. Rather, the pattern of antagonism theory allows a plaintiff to demonstrate that, even if a materially adverse action was taken a significant period of time after the protected activity, a pattern of antagonism during the time between the protected activity and the materially adverse action can supplant temporal proximity to show causation. *See Manuel*, 685 F. Supp. 2d at 69. Because Plaintiff has not alleged a pattern of antagonism during the six months between her EEO complaint and any alleged adverse action, Plaintiff does not allege a causal connection to support her retaliation claims. And Plaintiff does not allege that any counseling or reprimand she received after making her July 2023 complaint created "tangible job

4

consequences," which is required to constitute a materially adverse action. Def.'s Mot. at 17 (quoting *Baloch v. Kempthorne*, 550 F.3d 1191, 1199 (D.C. Cir. 2008)). Accordingly, Plaintiff fails to state a retaliation claim, and the Court should dismiss Counts VII, VIII, and XIV of the Amended Complaint.

### IV. Plaintiff Fails to State a Hostile Work Environment Claim Under Title VII and the DCHRA (Counts I, II, III, IV, XII, and XIII).

Plaintiff's allegations of unrelated incidents over the course of nearly two decades are insufficient to state a hostile work environment claim under Title VII and the DCHRA. Plaintiff is correct that a hostile work environment claim "may encompass acts occurring outside the statutory filing period so long as they are 'part of the same actionable hostile work environment.'" Pl.'s Opp'n at 19 (quoting *Morgan*, 536 U.S. at 120). But the hodgepodge of actions that Plaintiff points to over the course of 18 years to allege a hostile work environment claim are not part of the "same actionable hostile work environment." *See* Def.'s Mot. at 19–20; Am. Compl. ¶¶ 180–218, 229–45.

Indeed, Plaintiff premises her hostile work environment claims on "isolated incidents" that cannot be considered "extremely serious." *Kriesch v. Johanns*, 468 F. Supp. 2d 183, 188 (D.D.C. 2007) (quoting *Faragher v. City of Boca Raton,* 524 U.S. 775, 788 (1998)); *see Nurriddin v. Goldin*, 382 F. Supp. 2d 79, 108 (D.D.C. 2005) ("This history indicates less a pervasive pattern of harassment, and more just isolated employment incidents occurring over a long period of time."), *aff'd sub nom. Nurriddin v. Griffin,* 222 F. App'x 5 (D.C. Cir. 2007); *see* Am. Compl. And Plaintiff does not "explain how these incidents amount to the sort of 'repeated threats against individuals in response to their exercise of protected rights [that] may amount to harassment sufficient to establish a claim of retaliation.'" *Baloch v. Norton*, 517 F. Supp. 2d 345, 363 (D.D.C. 2007) (quoting *Berger v. Iron Workers Reinforced Rodmen Local 201*, 843 F.2d

5

1395, 1424 (D.C. Cir. 1988)), *aff'd sub nom. Baloch v. Kempthorne*, 550 F.3d 1191 (D.C. Cir. 2008).[1] Plaintiff thus fails to state a hostile work environment claim. *See* Def.'s Mot. at 18–20. Accordingly, the Court should dismiss Counts I, II, III, IV, XII, and XIII of the Amended Complaint.

### V. Plaintiff's Claims Under Title VII and the DCHRA Based on Gender and Sexual Orientation Discrimination Fail (Counts V, VI, and XI).

Plaintiff does not allege any discrete adverse employment actions that she contends were taken against her based on her gender or sexual orientation. And, in arguing otherwise, Plaintiff repeatedly asserts that she has made certain allegations in the Amended Complaint that are not, in fact, found in the Amended Complaint. *Compare* Pl.'s Opp'n at 21–23.

Plaintiff's characterization of the Amended Complaint is confounding. *See* Pl.'s Opp'n at 21–23. In her opposition, Plaintiff contends that she "was routinely required to work alone in dangerous field conditions, despite medical documentation supporting her need for a hardship transfer," *id.* at 22–23, but there are no allegations concerning a "hardship transfer" anywhere in the Amended Complaint, especially not in paragraphs 70–76, *see id.* In fact, paragraphs 70–76 of the Amended Complaint concern events from 2007–2008, which certainly are not actionable. *See* Am. Compl. ¶¶ 70–76. Plaintiff further points to allegations supporting alleged sexual harassment to ground her argument that "[m]ale colleagues in comparable roles received safer or supported assignments," Pl.'s Opp'n at 22, but Plaintiff does not offer any specific allegations concerning comparators anywhere in the Amended Complaint. *See* Am. Compl. Similarly, there are no allegations in the Amended Complaint alleging that male and heterosexual coworkers did

---

[1] Plaintiff improperly attributes the quote "sporadic incidents of harassment" to *Baloch v. Norton*, 517 F. Supp. 2d 345, 362 (D.D.C. 2007). *See* Pl.'s Opp'n at 20. This phrase does not appear anywhere in *Baloch v. Norton*. *See* 517 F. Supp. 2d at 348–365.

not receive counseling letters or reprimands for similar or more severe conduct. *Compare* Pl.'s Opp'n at 22, *with* Am. Compl. And the portions of the Amended Complaint on which Plaintiff relies to support the assertion that she has brought such allegations are unrelated to her disparate treatment claims. *See* Pl.'s Opp'n at 22 (citing Am. Compl. ¶¶ 84, 109, 112–13, 117).

Next, Plaintiff asserts that she was "denied access to radios, field partners, and backup assistance that were regularly afforded to other officers." *Id.* As a threshold matter, these allegations, again, do not appear in the Amended Complaint, and thus should not be considered. *See* Am. Compl. But, even if they did, they do not amount to actions that caused "harm respecting an identifiable term or condition of employment." *Muldrow v. City of St. Louis, Missouri*, 601 U.S. 346, 355 (2024); *see Williams v. District of Columbia*, No. 22-CV-2060 (TSC), 2025 WL 958221, at *8 (D.D.C. Mar. 31, 2025) ("Though her job duties changed, nothing in the record suggests that she suffered any identifiable harm, such as lost opportunities for future career advancement or worsened job prospects due to the reassignment."). And alleged derogatory remarks, "stereotyping," and "questioning [Plaintiff's] capabilities and commitment" also do not meet this low bar. Pl.'s Opp'n at 23; *id.* at 355.

Even if the Court were to find that Plaintiff was subjected to an adverse employment action, Plaintiff does not allege facts that create an inference of discrimination. *See* Pl.'s Opp'n at 23. And, despite Plaintiff's contention otherwise, the Amended Complaint does not include any allegations asserting that male and heterosexual employees "were not subjected to the same level of scrutiny, discipline, or danger." *Id.*; *see* Am. Compl.

Furthermore, Plaintiff's reliance on *George v. Leavitt*, 407 F.3d 405, 412 (D.C. Cir. 2005), in asserting that discriminatory remarks can support an inference of determination is misplaced. *See* Pl.'s Opp'n at 23. In *George*, the Circuit considered discriminatory remarks in

7

analyzing the plaintiff's hostile work environment claim, not her disparate treatment claim. *See George*, 407 F.3d at 416–17. What is more, the Circuit noted:

> [S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment. . . . In light of these well-established principles, the District Court correctly recognized that the facts alleged by George, even if true, would not permit a reasonable jury to conclude that George's workplace was permeated with discriminatory intimidation, ridicule, and insult that [was] sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment. At best, they constitute exactly the sort of "isolated incidents" that the Supreme Court has held cannot form the basis for a Title VII violation

*Id.* (citation modified). The Circuit *did* consider how comparator evidence can be used to establish an inference of discrimination in making out a disparate treatment claim. *See id.* at 412–13. But here, Plaintiff does not assert any allegations concerning individuals who were treated more favorably than her, *see* Am. Compl., and the case law she relies on does not support the proposition that discriminatory remarks are sufficient to show an "inference that [Plaintiff's] employer took an adverse action because of her membership in a protected class," *Doe 1 v. George Washington Univ.*, 369 F. Supp. 3d 49, 84 (D.D.C. 2019) (quoting *Miles v. Univ. of the Dist. of Columbia*, No. 12-CV-378 (RBW), 2013 WL 5817657, at *13 (D.D.C. Oct. 30, 2013)).

Lastly, Plaintiff's argument that her disparate treatment claims do not only assert allegations in support of hostile work environment claims is misguided. Even in her perfunctory recitation of the adverse actions she claims she alleges, Plaintiff does not point to any *discrete adverse employment action* in support of her disparate treatment claims. *See* Pl.'s Opp'n at 24. And "referencing" generalized employment actions is insufficient to survive a Rule 12(b)(6) motion. *Id.*; *see Slate v. Pub. Def. Serv. for the Dist. of Columbia*, 31 F. Supp. 3d 277, 299

8

(D.D.C. 2014) ("The Complaint is devoid of any allegations that would bolster the conclusory assertion that the plaintiff's suspension and termination were motivated by his race.").

Accordingly, Plaintiff fails to state a disparate treatment claim under Title VII or the DCHRA, and the Court should dismiss Counts V, VI, and XI of the Amended Complaint.

## VI.     Plaintiff's DCWPA Claims Fail (Counts IX and X).

Plaintiff's DCWPA claims fail because there is no temporal proximity between any protected activity that falls within the statutory period and any prohibited personnel action alleged in the Amended Complaint. Plaintiff's July 2023 EEO complaint is the only actionable activity Plaintiff engaged in that could possibly support her DCWPA claims. *See* Def.'s Mot. at 22–23. Any protected activity in late 2022 could not support a DCWPA claim brought in November 2024. *See* Pl.'s Opp'n at 25. And, once again, in arguing that she made other disclosures, Plaintiff asserts facts that are not alleged in the paragraphs of the Amended Complaint to which she cites or anywhere else in the Amended Complaint. *See id.* (no allegations in Amended Complaint concerning "requesting accommodations for a documented medical condition"); Am. Compl. ¶¶ 124–26, 131–32, 134–35 (asserting allegations regarding Plaintiff's July 2023 EEO complaint and the counseling letter she received in January 2024).

The first action Plaintiff alleges that was taken against her and could be considered a prohibited personnel action is the January 2024 counseling letter, which was issued six months after Plaintiff made her EEO complaint. *See* Def.'s Mot. at 23; Am. Compl. ¶¶ 124–135.[2] And, in determining whether a plaintiff can establish temporal proximity, the D.C. Circuit has deferred to D.C. Court of Appeals case law that "rejected a 'four-month lapse of time as proof of a causal

---

[2]     Denial of a hardship transfer is not mentioned in the cited portions of the Amended Complaint or anywhere in the Amended Complaint at all. *See* Pl.'s Opp'n at 25–26; Am. Compl. ¶¶ 124–135.

connection between the protected disclosures and the adverse actions.'" *Payne v. District of Columbia Gov't*, 722 F.3d 345, 354 (D.C. Cir. 2013) (quoting *Johnson v. District of Columbia*, 935 A.2d 1113, 1120 (D.C. 2007)). Thus, under binding case law, Plaintiff fails to allege a causal connection between her EEO complaint made in July 2023 and the counseling letter issued in January 2024 to support her DCWPA claim. Therefore, the Court should dismiss Counts X and XI of the Amended Complaint.

### VII. Plaintiff's Hostile Work Environment Claims Based on Her Gender and Sexual Orientation Are Untimely and Unexhausted (Counts I, II, XI, and XII).

Plaintiff argues in her opposition that she has identified numerous acts that occurred within the required time frame, but that is inaccurate. For instance, in regard to her sexual harassment claim, Plaintiff points to several paragraphs of the Amended Complaint that purport to support the claim, but the paragraphs she references do not allege sexual harassment. The paragraphs instead allege acts of retaliation. In several of them, she explicitly says that certain individuals "began retaliating against [her]." Pl.'s Opp'n at 29; *see* Am. Compl. ¶¶ 126–136, 148, 153–154, 157. The paragraphs that Plaintiff claims "explicitly allege" sexual harassment all include events that are not within the required statutory period. Accordingly, because Plaintiff has not offered any meritorious argument showing that these claims are viable, the Court should dismiss Counts I, II, XI, and XII of the Amended Complaint.

### VIII. Several Counts in the Amended Complaint Are Duplicative and Should Thus Be Dismissed.

Plaintiff argues that Counts V, VI, XII, XIII, and XIV of the Amended Complaint should not be dismissed because they are not duplicative and reflect legally distinct claims based on separate theories and protected characteristics. Not so. "Duplicative claims are those that stem from identical allegations, that are decided under identical legal standards, and for which

identical relief is available." *Wultz v. Islamic Republic of Iran*, 755 F. Supp. 2d 1, 81 (D.D.C. 2010); *see McGee v. District of Columbia*, 646 F. Supp. 2d 115, 121–22 (D.D.C. 2009)). "As a matter of judicial economy, courts should dismiss claims that are duplicative of other claims." *Id.*; *see McGee*, 755 F. Supp. 2d at 121; *Park v. Hyatt Corp.*, 436 F. Supp. 2d 60, 66 (D.D.C. 2006) (dismissing generic "discrimination" claim as duplicative of other claims brought under the DCHRA and federal civil rights statutes); *Johnson v. District of Columbia,* No. 04-CV-936 (RMC), 2005 WL 1903551, at *9 (D.D.C. July 20, 2005).

Here, Counts V, VI, XII, XIII, and XIV are duplicative of identical claims elsewhere in the Amended Complaint. *See* Def.'s Mot. at 25. Therefore, Counts III, IV, XII, and XIII should be dismissed.[3]

---

[3] Throughout Plaintiff's opposition, there are citations to cases that the District could not find when entering the citation into Westlaw, pincites for cases that are inaccurate, and quotations that do not appear in the case to which they are attributed. For instance, Plaintiff cites *Tattson v. Office of the Architect of the Capitol*, 786 F. Supp. 2d 72, 80 (D.D.C. 2011), Pl.'s Opp'n at 8, but the provided citation pulls up a different case in Westlaw, *Goings v. CSOSA*, 786 F. Supp. 2d 48, 53 (D.D.C. 2011), that does not concern employment discrimination. Similarly, Plaintiff cites *Witcher v. WMATA*, 263 F. Supp. 3d 74, 82–83 (D.D.C 2017), Pl.'s Opp'n at 15, but that citation pulls up a different case in Westlaw, *Feld v. Firman's Fund Insurance Co.*, 263 F. Supp. 3d 74 (D.D.C. 2017). Likewise, the District could not find any case in Westlaw called "*Tutt v. District of Columbia*," and the citation Plaintiff provides corresponds to a different case in Westlaw, *Advance America, Cash Advance Centers Inc. v. FDIC*, 251 F. Supp. 3d 78 (D.D.C. 2017). *See* Pl.'s Opp'n at 22 (citing "*Tutt v. District of Columbia*, 251 F. Supp. 3d 78, 83–84 (D.D.C 2017)"). The District also could not find *Bracey v. Luray*, 2020 WL 6940380, at 3 (E.D. Va. Nov. 24, 2020); *Dunlap v. Presidential Advisory Commission on Election Integrity*, 332 F. Supp. 3d 96, 113 (D.D.C. 2018); and *Doe v. Howard University*, 2022 WL 4593056, at *4 (D.D.C. Sept. 30, 2022). *See* Pl.'s Opp'n at 32, 34. There is a 2018 case from the U.S. District Court for the District of Columbia titled *Dunlap v. Presidential Advisory Commission on Election Integrity*, but it does not appear to support Plaintiff's argument purportedly based upon *Dunlap* or seem relevant. *See Dunlap v. Presidential Advisory Comm'n on Election Integrity*, 319 F. Supp. 3d 70, 79 (D.D.C. 2018). There is also a reported 2022 case from the U.S. District Court for the District of Columbia titled *Doe v. Howard University*, but it does not contain the quoted language that Plaintiff attributes to it. *Compare* Pl.'s Opp'n at 34 *with Doe v. Howard Univ.*, 594 F. Supp. 3d 52 (D.D.C. 2022). Additionally, a search of "2022 WL 4593056" results in an appellate reply brief filed in the Court of Appeals of Iowa. Nor could the District find a case from the U.S. District Court for the Eastern District of Virginia titled *Bracey v. Luray*; a search of

## CONCLUSION

For these reasons, and for the reasons set forth in the District's moving brief, the Court should grant the District's motion and dismiss the Amended Complaint with prejudice.

Dated: July 11, 2025            Respectfully submitted,

                                         BRIAN L. SCHWALB
                                         Attorney General for the District of Columbia

                                         CHAD COPELAND
                                         Deputy Attorney General
                                         Civil Litigation Division

                                         */s/ Christina Okereke*
                                         CHRISTINA OKEREKE [219272]
                                         Chief, Civil Litigation Division Section II

                                         */s/ Rachel B. Gale*
                                         RACHEL B. GALE [90003972]
                                         HAILEY GUILLORY [90022027]
                                         Assistant Attorneys General
                                         400 6th Street, NW
                                         Washington, D.C. 20001
                                         (202) 735-7458
                                         rachel.gale@dc.gov

                                         *Counsel for Defendant District of Columbia*

---

"2020 WL 6940380" results in an order in a criminal case in another jurisdiction, *United States v. Naldrett*, No. 20-CR-42-M-DLC, 2020 WL 6940380 (D. Mont. Nov. 25, 2020). Plaintiff's brief also attributes analysis and quotations that do not appear to be in the cases relied upon. *Compare* Pl.'s Opp'n at 15 & 27 *with Burton v. District of Columbia*, 153 F. Supp. 3d 13, 24–26 (D.D.C. 2015). Plaintiff repeatedly cites to page 75 of *Mogenhan v. Shinseki*, 630 F. Supp. 2d 56 (D.D.C. 2009), *see* Pl.'s Opp'n at 16, 22, 26-27, but that case ends at page 61, and it does not analyze the merits of a retaliation claim. Additionally, Plaintiff's brief attributes quotations to *Freeman v. District of Columbia Department of Employee Services*, 60 A.3d 1131 (D.C. 2013), and *Wilburn v. District of Columbia*, 957 A.2d 921 (D.C. 2008) that do not appear in these cases. *Compare* Pl.'s Opp'n at 26 *with Freeman v. Dist. of Columbia Dep't of Empl. Servs.*, 60 A.3d 1131 (D.C. 2013), *and Wilburn v. District of Columbia*, 957 A.2d 921 (D.C. 2008).

12